**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DENVER LEE, #352989,

    Petitioner,

v.                                       Case No. 2:08-CV-11394
                                       Honorable George Caram Steeh
                                       Magistrate Judge Virginia M. Morgan

DEBORAH SCUTT,

    Respondent.

_____/

**OPINION & ORDER DISMISSING**
**PETITION FOR WRIT OF HABEAS CORPUS**

    This matter is before the Court on Respondent's "Motion to Dismiss" relative to Petitioner's *pro se* request for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner, Denver Lee, is presently confined at Richard A. Handlon Correctional Facility in Ionia, Michigan. He is challenging his convictions for felon in possession of a firearm, Mich. Comp. Laws §750.224f, and possession of a firearm during the commission of a felony, Mich. Comp. Laws §750.227b. Petitioner was sentenced as a fourth habitual offender, Mich. Comp. Laws §769.13, to 58 months to 15 years' imprisonment for the felon in possession conviction, and 2 years' imprisonment for the felony-firearm conviction.

    Respondent states in its dismissal motion that Petitioner has failed to exhaust his state court remedies and as a result has filed a mixed petition with this Court. Accordingly, it is Respondent's position that this matter should be dismissed without prejudice on lack of exhaustion grounds. Petitioner has not filed an answer to Respondent's motion.

For the reasons stated below, the Court will dismiss the petition for writ of habeas corpus without prejudice.

## I. Background

Petitioner was convicted of the above offenses following a jury trial in Wayne County Circuit Court. He raised the following issues on direct appeal:

> I. Appellant was denied a fair trial, and the trial judge reversibly erred when he denied Mr. Lee's motion to disqualify the trial Judge Townsend based upon his expressed belief that Appellant was guilty of the charges and that he had committed perjury at his first trial.
>
> II. The trial judge violated the court rule and due process and committed a structural error when he failed to refer the matter to the Chief Judge after denying Appellant's motion for judicial disqualification and after defense counsel asked for referral of the motion to the chief judge.
>
> III. In the alternative, Appellant was deprived of right to the effective assistance of counsel when his trial counsel failed to obtain a rehearing of his motion to disqualify Judge Townsend before the Chief Judge of the court.

Petitioner's conviction was affirmed on appeal. *People v. Lee,* No: 263671, 2006 WL 3826789 (Mich. Ct. App. Dec. 28, 2006).

Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the following issues:

> I. Did the Court of Appeals commit error in affirming Appellant's conviction, thus depriving him of his constitutional rights to due process of law and to equal protection under Mich. Const. 1963, Art. 1, Sec. 17, Sec. 20; U.S. Const. Ams. V, XIV, where Appellant was denied a fair trial where the trial judge reversibly erred when it denied Appellant's motion to disqualify Judge Leonard Townsend based upon his expressed belief that Appellant was guilty of the charges and that Appellant had committed perjury at his first trial?
>
> II. Did the Court of Appeals commit error in affirming Appellant's conviction, thus depriving him of his constitutional rights to due process of law and to equal protection under Mich. Const. 1963, Art. 1, Sec. 17, Sec. 20; U.S. Const. Ams. V, XIV, where the trial judge violated the court rule and due process and committed structural error when he failed to refer the matter to

the Chief Judge after denying Appellant's motion for judicial disqualification and after defense counsel asked for referral of the motion to the chief judge?

III. Did the Court of Appeals commit error in affirming Appellant's conviction, thus depriving him of his constitutional rights to due process of law and to equal protection under Mich. Const. 1963, Art. 1, Sec. 17, Sec. 20; U.S. Const. Ams. V, VI, XIV, where the Court of Appeals failed to reverse the conviction where Appellant was deprived of his Sixth Amendment right to effective assistance of trial counsel, where trial counsel failed to submit an affidavit with the motion for disqualification of Judge Leonard Townsend; where trial counsel failed to obtain a rehearing on his motion to disqualify Judge Townsend before the Chief Judge, thus depriving Appellant of his right to a fair and impartial trial?

On June 20, 2007, The Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Lee,* 478 Mich. 909; 732 N.W.2d 539 (2007).

On April 2, 2008[1], Petitioner filed a *pro se* petition for writ of habeas corpus raising the following claims:

I. Judge bias.

II. The judge refused to recuse himself then pled incompetent as to whether my attorney could go to the chief judge.

III. Ineffective assistance of trial counsel.

IV. Prosecutor misconduct.

## II. Discussion

The instant petition is subject to dismissal because it contains one claim which has not been exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C.

---

[1] April 2, 2008 is the date the Court received the petition. Petitioner did not place a date on his petition.

§2254(b) and (c). *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999)("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Picard v. Connor,* 404 U.S. 270, 275-78 (1971); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir.1994). Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.1993). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on petitioner's claims." *Rust v. Dent*, 17 F.3d at 160.  A petitioner must present each ground to both appellate courts. *Welch v. Burke*, 49 F.Supp.2d 992, 998 (E.D.Mich.1999); see also *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir.1990).

Federal courts will not review a habeas corpus petition when a state prisoner has not first presented his or her claims to the state courts and exhausted all state court remedies available to him or to her. *Rogers v. Howes*, 144 F.3d 990, 992 (6th Cir.1998). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so.  See *Foster v. Withrow*, 159 F.Supp.2d 629, 638 (E.D.Mich.2001).  However, despite the exhaustion requirement, a habeas petition "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. §2254(b)(2).  Thus, a federal court may decide a habeas petition on the merits when the

grounds for relief are without merit or are not cognizable on habeas review. See *Cain v. Redman,* 947 F.2d 817, 820 (6th Cir. 1991); *Prather v. Rees,* 822 F.2d 1418, 1421-1422 (6th Cir. 1987). In these circumstances, the court should dismiss the non-federal or frivolous claim on its merits to save the state courts the useless review of meritless constitutional claims. See *Cain,* 947 F.2d at 820.

In the present case, it is clear that Petitioner's prosecutorial misconduct claim was not presented in his direct appeal or in his application for leave to appeal filed with the Michigan Supreme Court. The Court, however, cannot conclude at this juncture that Petitioner's prosecutorial misconduct claim is plainly meritless. Petitioner has an available state court remedy with which to exhaust his prosecutorial misconduct claim, and he has not sought to withdraw that claim from his habeas petition.

Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rue 6.500. See *Mikko v. Davis,* 342 F.Supp.2d 643, 646 (E.D. Mich. 2004). Petitioner can exhaust this claim by filing a motion for relief from judgment with the Wayne County Circuit Court under MCR 6.502. A trial court is authorized to appoint counsel for Petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing, MCR. 6.505-6.507, 6.508(B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. MCR 6.509; MCR 7.203; MCR 7.302; See *Nasr v. Stegall,* 978 F.Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he is raising in his post-conviction motion.

See e.g., *Mohn v. Bock,* 208 F.Supp.2d 796, 800 (E.D. Mich. 2002).

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. The Michigan Supreme Court denied Petitioner's application for leave to appeal on June 20, 2007. However, the one-year statute of limitations under 28 U.S.C. §2244(d)(1) did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one-year limitation period for seeking habeas review under 28 U.S.C. §2244(d)(1) begins to run, not on the date that the state court entered judgment against the prisoner, but on the date that the 90-day time period for seeking certiorari with the U.S. Supreme Court expired. *Clay v United States,* 537 U.S. 522, 527-529, and n.3, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); see also *Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir. 2000); *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). Because Petitioner did not seek a writ of certiorari with the U.S. Supreme Court, Petitioner's judgment became final, for the purpose of commencing the running of the one- year limitations period, on September 19, 2007. See *Grayson v. Grayson,* 185 F.Supp.2d 747, 750 (E.D. Mich. 2002).

Petitioner filed his habeas petition on April 2, 2008, approximately seven months after the statute of limitations began to run. 28 U.S.C. §2244(d)(2) expressly provides that the AEDPA's one-year statute of limitations is tolled during the pendency of any state post-conviction motion filed by a petitioner. Because Petitioner has a little over five months remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of Petitioner's state post-conviction proceedings, Petitioner would not be prejudiced during the pendency of his motion for post-conviction relief.

Since Petitioner was diligent in pursuing his habeas rights by timely filing his habeas petition; and because his case was pending in this Court during and after the limitations period, the Court finds that equitable tolling[2] is appropriate in this matter.

Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. *Graham-Humphreys v. Memphis Brooks Museum, Inc.,* 209 F.3d 552, 560-61 (6th Cir. 2000). Petitioner was not in a position to exhaust his state court remedies until the Court rendered a decision on Respondent's "Motion to Dismiss." Since this matter was still pending with this Court during and after the limitations period, Petitioner's inability to timely exhaust his state court remedies was due to circumstances beyond his control. See *United States v. Patterson,* 211 F.3d 927, 931 (5th Cir. 2000).

Therefore, the Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, April 2, 2008, until Petitioner returns to federal court. This tolling of the limitations period is conditioned upon Petitioner pursuing his state remedies within **sixty (60) days** of this Court's Order and returning to federal court within **sixty (60) days** of exhausting his state remedies. See *Hargrove v. Brigano*, 300 F.3d at 718, 721(2002).

### III. Conclusion

For the reasons stated above, **IT IS ORDERED** that Respondent's "Motion to

---

[2]Five factors are relevant to determining the appropriateness of equitably tolling a statute of limitations: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap v. United States,* 250 F.3d 1001, 1004 (6th Cir. 2001).

Dismiss" [Dkt. #7] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas petition [Dkt. #1] is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from April 2, 2008, until the time Petitioner returns to federal court to pursue habeas relief, provided that: (i) Petitioner presents his unexhausted claim(s) to the state court within **sixty (60) days** from the date of this Order and (ii) Petitioner returns to this Court to pursue habeas corpus relief within **sixty (60) days** of exhausting state court remedies.

Dated:  February 23, 2009

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 23, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk